781 N.W.2d 615 (2010)
18 Neb. App. 342
Susan J. SHERMAN, appellee,
v.
Scott Alan SHERMAN, appellant.
No. A-09-647.
Court of Appeals of Nebraska.
April 20, 2010.
*618 Scott Alan Sherman, pro se.
Anthony W. Liakos, of Govier & Milone, L.L.P., on brief, for appellant.
Joni Visek, of Visek Law, for appellee.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
INBODY, Chief Judge.

INTRODUCTION
Scott Alan Sherman appeals the entry of a harassment protection order entered in favor of Susan J. Sherman. Because we find that the evidence was insufficient to support entry of the harassment protection order, we must reverse the court's entry of the order and remand the cause with directions to vacate the harassment protection order.

STATEMENT OF FACTS
On May 12, 2009, Susan filed a form petition and affidavit to obtain a domestic abuse protection order against her ex-husband, Scott, under Neb.Rev.Stat. § 42-924 (Reissue 2008). Susan sought an order prohibiting Scott from threatening, assaulting, molesting, or attacking her, or otherwise disturbing her peace; prohibiting him from telephoning, contacting, or otherwise communicating with her except for communication regarding their children; and ordering Scott to stay away from her home unless it is to pick up or drop off their children. The court issued an ex parte domestic abuse protection order against Scott that same day. After he was served with the protection order, Scott requested a hearing and filed a motion to dismiss and vacate the protection order. He also filed a motion to deem Susan's petition and affidavit frivolous and sought attorney fees.
At the June 18, 2009, hearing, Susan appeared pro se and Scott appeared with counsel. During the hearing, Scott's counsel moved to dismiss the ex parte domestic abuse protection order. In response, the court, sua sponte, requested that the bailiff retrieve a harassment protection order, stating that Susan "want[ed] to amend it to that." The court took judicial notice of Susan's affidavit to obtain a domestic abuse protection order, which affidavit noted that on Mother's Day, May 10, 2009, Scott called Susan 8 to 10 times during a family dinner, and that Scott calls repeatedly whenever Susan is "having family over." The affidavit further set forth that on Fridays, Scott would send Susan text messages calling her a "SLUT," "WHORE," "BITCH," and "bad parent."
Susan submitted as exhibits letters from two of her coworkers corroborating her affidavit regarding Scott's constant calls and text messages. Susan informed the judge, "I have two letters from co-workers," but those exhibits were never offered into evidence and are not included in the record on appeal. Despite this, the exhibits were read aloud by the judge, so their content is included in the bill of exceptions. Further, Scott's counsel objected to the exhibits, but the court did not rule on the objection, and the court noted that it was considering the exhibits in making its ruling.
After taking judicial notice of the allegations contained in Susan's petition and affidavit to obtain the domestic abuse protection order and considering the aforementioned exhibits, the court entered a harassment protection order pursuant to Neb.Rev.Stat. § 28-311.09 (Reissue 2008) in favor of Susan, against Scott, for a period of 1 year. The harassment protection proceeding is considered a district *619 court proceeding, even if heard by a county court judge, and an order or judgment of the county court in a domestic relations matter (including harassment protection orders) has the force and effect of a district court judgment. Neb.Rev.Stat. § 25-2740 (Reissue 2008). Thus, Scott has appealed to this court.

ASSIGNMENTS OF ERROR
Scott contends that the court violated his rights of due process in entering the harassment protection order against him, that the court erred in acting as an advocate for Susan, and that the evidence presented by Susan was insufficient to support the entry of the harassment protection order against him. Further, Scott contends that the court erred in failing to award attorney fees on the basis that Susan's petition was frivolous.

STANDARD OF REVIEW
A protection order is analogous to an injunction. Mahmood v. Mahmud, 279 Neb. 390, 778 N.W.2d 426 (2010). Accordingly, the grant or denial of a protection order is reviewed de novo on the record. Id.

ANALYSIS

Violation of Due Process/Court Acting as Advocate.
Scott argues that he was denied due process because Susan filed for a domestic abuse protection order, not a harassment protection order, and therefore, he did not receive adequate notice of either the allegations related to the harassment protection order or the entry of that order. He further contends that the court erred in acting as Susan's advocate by requesting the bailiff to retrieve a harassment protection order, stating that Susan "want[ed] to amend it to that."
The Nebraska Supreme Court recently considered a similar, but not identical, situation in Mahmood v. Mahmud, supra. In that case, the petitioner requested a domestic abuse protection order using a form petition and affidavit in which she described a history of numerous telephone calls and letters, but did not allege violence. That same day, the judge entered an ex parte harassment protection order. After a hearing, the court ordered that the protection order remain in place.
The respondent in Mahmood appealed, alleging, among other things, that (1) the court lacked jurisdiction to issue a harassment protection order because the petitioner had filed a petition and affidavit for a domestic abuse protection order, (2) issuance of a harassment protection order upon a petition and affidavit for a domestic abuse protection order was invalid because it did not comport with applicable statutes, and (3) issuance of a harassment protection order upon a petition and affidavit for a domestic abuse protection order, and a hearing without notice to the pro se respondent as to the type of order being defended against, prejudiced the respondent and violated his due process rights.
The Nebraska Supreme Court held that a court has the authority to enter a harassment protection order even though the petitioner filed a petition and affidavit for a domestic abuse protection order. The Supreme Court found that the provisions of § 28-311.09(1) stating that a judge may issue a harassment protection order "[u]pon the filing of such a petition and affidavit" were not jurisdictional and did not change the rules of notice pleading generally applicable to civil actions, and that the statute did not provide that a court was without the authority to act absent the proper standard form. The Supreme Court noted that although the *620 petitioner in Mahmood used a standard form for abuse instead of one for harassment, the county court judge properly looked to the relief requested rather than simply relying on the title of the petition, and that the thrust of the petition was to seek a harassment protection order. Since the petitioner described a history of numerous telephone calls and letters, but did not allege violence, the petition, although titled a petition to seek a domestic abuse protection order, was more properly considered a petition to seek a harassment protection order. Further, the Supreme Court held that the petition provided fair notice of the claim asserted and was sufficient to confer authority on the county court to issue the order.
Although the petitioners in Mahmood v. Mahmud, 279 Neb. 390, 778 N.W.2d 426 (2010), and the instant case both filed petitions and affidavits for domestic abuse protection orders, the court in this case did not immediately, upon its filing, consider Susan's petition and affidavit for a domestic abuse protection order as a request for a harassment protection order and then issue an ex parte harassment protection order as did the court in Mahmood; rather, the court in this case issued a domestic abuse protection order. It was not until the contested hearing that the court apparently realized that Susan's allegations did not allege domestic abuse as required by a domestic abuse protection order and that in reality, proceeding with a domestic protection order theory would necessarily have resulted in a dismissal. See § 42-924 (domestic abuse protection order). Scott was in a different position than the respondent in Mahmood because, when Scott requested the hearing, he believed that he was defending against the entry of a domestic abuse protection order. It was not until the hearing had begun that Scott received notice that he would need to defend against the entry of a harassment protection order. However, once Scott became aware that the court was proceeding under the harassment protection order theory, Scott failed to seek a continuance to cure any prejudice caused by the change in theory of protection order. Thus, we find that this issue has not been properly preserved for appellate review.
Despite this finding, we do note that the judge's actions at the hearing in making the determination of which theory to pursue, rather than allowing Susan to make that choice herself, did cross the line into advocacy.
"A judge must be impartial, his or her official conduct must be free from even the appearance of impropriety, and a judge's undue interference in a trial may tend to prevent the proper presentation of the cause of action. [Citation omitted.] A judge must be careful not to appear to act in the dual capacity of judge and advocate...."
Lucas v. Anderson Ford, 13 Neb.App. 133, 141, 689 N.W.2d 354, 361 (2004), quoting Jim's, Inc. v. Willman, 247 Neb. 430, 527 N.W.2d 626 (1995), disapproved on other grounds, Gibilisco v. Gibilisco, 263 Neb. 27, 637 N.W.2d 898 (2002).
In order to prevent crossing the line into advocacy for a pro se litigant, when presented with a situation in which an ex parte domestic abuse protection order has been entered, but at the hearing, it becomes apparent that the matter may more properly be considered as a harassment protection order, the judge should explain the requirements for both domestic abuse and harassment protection orders and allow the petitioner to choose which theory to pursue. If the petitioner chooses to pursue the alternative theory to the petition and affidavit filed, and the respondent objects, the court should inquire if *621 the respondent is requesting a continuance, which should be granted, if so requested, while leaving the ex parte protection order temporarily in place. Following this procedure ensures that a judge does not cross the line from judge to advocate in assisting the pro se litigant while at the same time protecting the rights of the opposing party.

Insufficiency of Evidence.
We now consider Scott's claims that the evidence was insufficient to support entry of the harassment protection order. In finding sufficient evidence to enter the harassment protection order, the court took judicial notice of the allegations contained in Susan's petition and affidavit to obtain the domestic abuse protection order and of the letters she offered as exhibits.
The Nebraska Supreme Court has recently considered the sufficiency of evidence adduced at a contested factual hearing in protection order proceedings. Mahmood v. Mahmud, 279 Neb. 390, 778 N.W.2d 426 (2010). In Mahmood, the protection order proceedings were so informal that the record contained no sworn testimony or exhibits. The ex-wife argued that a prima facie case could be established by her form petition and affidavit. The Nebraska Supreme Court agreed but stated that the petition and affidavit could not be considered as evidence until offered and accepted at the trial as such. The Supreme Court noted that a contested factual hearing in protection order proceedings is a show cause hearing, in which the fact issues before the court are whether the facts stated in the sworn application are true. Id. Even though the procedural due process afforded in a harassment protection hearing is limited, some evidence must still be presented and the allegations of the petition require proof by evidence incorporated in the bill of exceptions. See id. Since no evidence was admitted at the hearing on which the court could base its findings, the evidence was insufficient to support the protection order.
Because Susan's petition and affidavit were not received as evidence at trial, they could not be considered as evidence. Further, the court's attempt to take judicial notice of the allegations contained in Susan's petition and affidavit must fail because a court may not take judicial notice of disputed facts. See Ray Tucker & Sons v. GTE Directories Sales Corp., 253 Neb. 458, 571 N.W.2d 64 (1997). Thus, the allegations contained in Susan's petition and affidavit were not evidence upon which the court could base its findings and were not properly considered by the court in making its determination.
With the exclusion of Susan's petition and affidavit, this leaves Susan's two exhibits as the sole possible remaining evidence to support entry of the harassment protection order. However, neither of these exhibits was received into evidence by the court either. Documents must be admitted into evidence at contested factual hearings in protection order proceedings to be considered by the court. See Mahmood v. Mahmud, supra. Thus, the exhibits were also not evidence upon which the court could base its findings. Based upon our de novo review, in light of the fact that there was no evidence before the court upon which it could base its findings, we find that the evidence is insufficient to support the harassment protection order.

Attorney Fees.
Scott contends that the court erred in failing to grant him attorney fees on the ground that Susan's petition was frivolous. Scott sought attorney fees *622 based on Neb.Rev.Stat. § 25-824(4) (Reissue 2008), which provides that a court
shall assess attorney's fees and costs if, upon the motion of any party or the court itself, the court finds that an attorney or party brought or defended an action or any part of an action that was frivolous or that the action or any part of the action was interposed solely for delay or harassment.
Although we have determined that the evidence presented at the contested factual hearing was insufficient to support the court's entry of the harassment protection order, Susan's action was not frivolous and Scott was not entitled to attorney fees.

CONCLUSION
Because the evidence was insufficient to support entry of the harassment protection order, we reverse, and remand with directions to vacate the harassment protection order.
REVERSED AND REMANDED WITH DIRECTIONS.