IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


BURES V. BURES


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


DEBORAH BURES, APPELLEE,

V.

RICKIE BURES, APPELLANT.


Filed April 21, 2015.    No. A-14-863.


Appeal from the District Court for Adams County: STEPHEN R. ILLINGWORTH, Judge. Reversed and remanded with directions.

Nathan T. Bruner, of Bruner Frank, L.L.C., for appellant.

Mary J. Livingston for appellee.


MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

PIRTLE, Judge.

### INTRODUCTION

Rickie Bures appeals from the order of the district court for Adams County, entered on September 4, 2014, which affirmed the protection order granted on August 29, 2014.

### BACKGROUND

On August 18, 2014, Deborah Bures filed a petition and affidavit to obtain a domestic abuse protection order pursuant to Neb. Rev. Stat. § 42-924 (Cum. Supp. 2012) against Rickie.

The petition alleged that a protection order should be issued (1) prohibiting Rickie from imposing any restraint upon Deborah or her liberty; (2) prohibiting Rickie from threatening, assaulting, molesting, or attacking Deborah, or otherwise disturbing her peace; (3) prohibiting

- 1 -

Rickie from telephoning, contacting, or otherwise communicating with her; and, (4) ordering Rickie to stay away from Deborah's home.

Deborah alleged that Rickie drove past her home very slowly in his pickup truck on July 9, 2014. Deborah alleged that she heard a motorcycle that sounded like Rickie's outside of her home in the early morning hours of September 16, 2013. Deborah also alleged that on October 1, 2013, she discovered Rickie's truck and car trailer were removed from her home without permission and a love letter was placed between her screen door and entry door. She reported the truck and trailer stolen and upon investigation, a deputy informed her they were removed by one of Rickie's friends.

Deborah also alleged that Rickie had not cooperated with her to regain possession of his personal belongings which were still on her properties in Kenesaw and Wood River. Deborah stated her belief that Rickie would try to retrieve his property "by force" after her existing protection order ended at the end of August, but before pretrial proceedings began in their separate dissolution case. Deborah noted Rickie chose to reside in a house two blocks from her property and she believed it was an attempt to stalk or intimidate her. She requested that a protection order be issued for another year until the parties' divorce was finalized and their respective property was divided.

The district court for Adams County issued an ex parte order granting Deborah's request for a protection order on August 18, 2014. The new protection order was to take effect on August 29, which was the expiration date of the protection order already in effect.

Rickie requested a hearing regarding the protection order, and the hearing was held on September 4, 2014. Rickie testified that when the parties initially moved to Kenesaw, the goal was for his son to consistently attend the same school through high school. He stated that is why he moved from the parties' shared home to another home in Kenesaw. He testified that he chose his current residence because he did not have access to his personal belongings while the parties' property settlement was pending, and he needed a fully furnished home.

Deborah testified that she did not want to be responsible for Rickie's belongings but they had been unable to agree on a time to exchange them. She testified Rickie wanted access to the property to personally remove his belongings, but Deborah did not want him to enter her home.

The court found the protection order was necessary because law enforcement was likely to be called to mediate the situation between the parties and there was a potential for violence because the parties were very emotional.

The court ordered the protection order to remain in effect for an additional year. The written order stated evidence had been adduced that Rickie "by means of a credible threat, placed the petitioner in fear of bodily injury" and affirmed the ex parte order. Rickie timely appealed.

## ASSIGNMENTS OF ERROR

Rickie asserts the trial court erred in affirming the domestic abuse protection order based on the evidence adduced at trial.

STANDARD OF REVIEW

A protection order pursuant to §42-294 is analogous to an injunction. *Torres v. Morales,* 287 Neb. 587, 843 N.W.2d 805 (2014). Thus, the grant or denial of a domestic abuse protection order is reviewed de novo on the record, and an appellate court reaches conclusions independent of the factual findings of the trial court. *Id.* However, where the credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the circumstances that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

ANALYSIS

Rickie asserts the trial court erred in affirming the ex parte domestic abuse protection order dated August 18, 2014, which granted Deborah relief for the period of one year. He asserts there was insufficient evidence to show he had engaged in any conduct which would support a protection order under Neb. Rev. Stat. § 42-903 (Cum. Supp. 2012).

Neb. Rev. Stat. § 42-924 allows any victim of domestic abuse to file a petition and affidavit for a protection order which would prevent the respondent from engaging in certain behavior as defined by the statute. Abuse is defined in § 42-903(1) as the occurrence of one or more of the following acts between household members: (a) attempting to cause or intentionally or knowingly causing bodily injury with or without a dangerous instrument; (b) placing, by means of credible threat, another person in fear of bodily injury; or (c) engaging in sexual contact or sexual penetration without consent as defined by § 28-318.

The trial court in this case affirmed the protection order under § 42-903(1)(b) finding that Rickie placed Deborah in fear of bodily injury by means of a credible threat. The Nebraska statutes define a credible threat to mean "a verbal or written threat . . . that is made by a person with the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her safety or the safety of his or her family." § 42-903(1)(b).

Deborah alleged Rickie drove past her home on at least one occasion, however the evidence shows Rickie lives two blocks away. In addition, Rickie testified that he drove by Deborah's home on one occasion after a storm to see if any of his personal property had been damaged. Deborah alleged she heard a motorcycle outside of her home in the early hours of one morning and that the motorcycle sounded like Rickie's. There was no further evidence that she had seen Rickie, that the motorcycle was Rickie's, that it was driven by him, or that it presented any threat to her safety.

Deborah alleged Rickie arranged for an agent to remove his truck and car trailer from the property they had once shared after he was prohibited from entering the property. Her petition stated that the truck and trailer belonged to Rickie, and there was no allegation that Rickie had entered the property, which would have been a violation of the existing protection order. When Rickie's agent entered the property, the person left a "love note" from Rickie between the screen door and the entry door. There was no evidence presented showing that there had been any credible threat of violence, and she described the letter as a "love note" which indicates that she did not interpret the note to be a written threat.

Upon our de novo review of the record in this case, we conclude that the allegations of abuse contained in Deborah's affidavit cannot sustain the entry of a domestic abuse protection

order within the meaning of §§ 42-902 and 42-924. See *Beemer v. Hammer,* 20 Neb. App. 579, 826 N.W.2d 599 (2013). As such, we find the district court erred in affirming Deborah's petition for ex parte protection order against Rickie.

CONCLUSION

We find the record does not support a conclusion that Rickie placed Deborah in fear of imminent bodily injury. We therefore reverse the district court's order affirming the ex parte domestic abuse protection order and remand the matter with directions that the district court enter an order dismissing the petition and vacating the domestic abuse protection order against Rickie.

REVERSED AND REMANDED WITH DIRECTIONS.