IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ANTILLON V. CABRERA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ANGELA ANTILLON, APPELLEE,

V.

JOSE M. CABRERA, APPELLANT.

Filed March 7, 2017.    No. A-16-659.

Appeal from the District Court for Buffalo County: WILLIAM T. WRIGHT, Judge. Affirmed.

Tyler J. Volkmer, of Stamm Romero & Associates, P.C., L.L.O., for appellant.

Shawn J. Farritor, of Legal Aid of Nebraska, for appellee.

RIEDMANN, BISHOP, and ARTERBURN Judges.

RIEDMANN, Judge.

## INTRODUCTION

Jose M. Cabrera appeals from the extension of a domestic abuse protection order entered against him. We find no merit to the arguments he raises on appeal and therefore affirm.

## BACKGROUND

Angela Antillon filed a petition and affidavit to obtain a domestic abuse protection order on May 18, 2016. In the application, Antillon described instances where Cabrera was physically abusive, called her names, appeared unannounced at her place of employment, and was otherwise "controlling" of her. An ex parte order was entered that day.

At the show cause hearing, Cabrera appeared with counsel and Antillon was present pro se. At the outset of the hearing, the trial judge advised the parties that he would be the only one who would ask questions, and Cabrera's counsel would be allowed to participate as an advisor

only, that is, to advise his client, and Cabrera was free to make inquiries of his counsel before answering any questions. Antillon testified and explained that the parties share a child together and cohabited for approximately 3 years until July 2015. She generally testified that the allegations in her petition were true. At the conclusion of the court's inquiry of Antillon, the court asked Cabrera whether he had any questions that he would suggest the court ask Antillon to clarify her testimony, and Cabrera said no.

Cabrera was then given the opportunity to testify. During his testimony, the court inquired of Cabrera's counsel whether Cabrera wanted to answer the court's questions regarding the allegations contained in Antillon's petition, and counsel said he would. Cabrera generally denied the allegations against him. He offered into evidence text messages exchanged between the parties, and the court gave Antillon the opportunity to review them and identify whether they were what Cabrera purported them to be. At the conclusion of the court's questioning of Cabrera, the court asked Antillon if she had any questions she would suggest that the court ask Cabrera, and she indicated she did not. The court then found that Antillon's testimony was more credible than Cabrera's and affirmed the protection order for 1 year. An order to that effect was entered by the court on June 30, 2016. Cabrera timely appeals.

## ASSIGNMENTS OF ERROR

Cabrera assigns, renumbered, that the district court erred in (1) denying his right to due process by leaving the protection order in place and violating his right to keep and bear arms guaranteed by the Nebraska and U.S. Constitutions, and (2) failing to remain impartial by applying the rules of evidence to exhibits offered by him but not those offered by Antillon and stating that the rules of evidence did not apply to the show cause hearing.

## STANDARD OF REVIEW

A protection order is analogous to an injunction. *Richards v. McClure*, 290 Neb. 124, 858 N.W.2d 841 (2015). Accordingly, the grant or denial of a protection order is reviewed de novo on the record. *Id*.

## ANALYSIS

The Nebraska Supreme court has stated that the procedural due process afforded in a protection order hearing is limited because the intrusion on a respondent's liberty interests is likewise limited. *Torres v. Morales*, 287 Neb. 587, 843 N.W.2d 805 (2014). But Cabrera argues that because imposition of a protection order results in a suspension of his 2nd amendment right to bear arms, his liberty interests are in need of a greater level of procedural due process than what he received and what is generally afforded at protection order show cause hearings. Specific to his case, he argues that counsel should never be limited to an advisory role.

To the extent Cabrera is raising a constitutional argument, we decline to address it. For a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court. *Hauser v. Hauser*, 259 Neb. 653, 611 N.W.2d 840 (2000). An appellate court will not consider a constitutional question unless it has been properly presented to the trial court for disposition. *Id*. In *Hauser*, the respondent appealed from the extension of a protection order entered against him and argued that the trial court violated his right to procedural due process by overruling

his objections to testimony regarding incidents not pled in the operative petition. But because he failed to raise this argument to the trial court, the Supreme Court declined to consider it on appeal.

In *Torres v. Morales, supra*, the petitioner argued on appeal that the court erred in not allowing her counsel to participate in the proceedings, ask questions of either party, or present any additional evidence. The Supreme Court rejected her argument because she made no request during the hearing to ask questions or present any additional evidence; therefore, the court could not find that her procedural due process rights were violated. And because counsel did not request to participate in the hearing, the court did not err in not permitting counsel to question the respondent directly. *Id.*

Likewise, the record in the present case shows that Cabrera did not raise any issue of procedural due process before the trial court. Importantly, he never objected when the trial court explained its procedure and informed Cabrera's counsel that his participation would be limited to an advisory role. Therefore, he failed to preserve his challenge to procedural due process and we will not address it on appeal.

Cabrera additionally argues that the trial court failed to remain impartial during the show cause hearing when it afforded Antillon the opportunity to object to the exhibit he offered, but he was not permitted to object to the petition and affidavit, and the court interrupted his testimony and put words into Antillon's mouth during her testimony. He also argues that the court's procedure stating that the rules of evidence would not apply had a prejudicial effect on him. We find no merit to these arguments.

A judge must be impartial, his or her official conduct must be free from even the appearance of impropriety, and a judge's undue interference in a trial may tend to prevent the proper presentation of the cause of action. *Torres v. Morales*, *supra*. A party alleging that a judge acted with bias or prejudice bears a heavy burden of overcoming the presumption of judicial impartiality. *Id.*

We conclude that the trial judge's actions in the present case did not unduly interfere with the hearing. First, we disagree with Cabrera's characterization that Antillon was allowed to object to his exhibit, but he was not permitted to object to the petition and affidavit. After confirming with Antillon that she still desired a protection order against Cabrera, the court stated that it would identify the petition and affidavit as Exhibit 1 for purposes of the hearing. It is unclear on what grounds Cabrera would have objected when the fact issues before the court in protection order proceedings are whether the facts stated in the sworn application are true. See *Hronek v. Brosnan*, 20 Neb. App. 200, 823 N.W.2d 204 (2012).

Although the court asked whether Antillon had any objection to its receiving Cabrera's exhibit into evidence, it clarified that it only wanted to know whether the exhibit was a complete record of the text message exchanged between the parties. When Antillon indicated that it was, the court thanked her and received the exhibit into evidence. We do not interpret the court's actions as showing partiality to Antillon. In fact, at one point in the proceedings, Antillon attempted to introduce hearsay testimony and the court stopped her, stating "[u]nless they are here, ma'am they don't count because I can't hear that."

Although the court did interrupt Cabrera's testimony on the two occasions he cites in his brief, we observe that the court also interjected questions during Antillon's testimony. A trial court has a right to take an active role in controlling the procedure in a protection order hearing. See

*Hronek v. Brosnan*, 20 Neb. App. 200, 823 N.W.2d 204 (2012). We find no error in the court's actions.

Although we question the court's declaration that the rules of evidence would not apply given past application of them in appellate review of protection order proceedings (see *Richards v. McClure*, 290 Neb. 124, 858 N.W.2d 841 (2015) and *Zuco v. Tucker*, 9 Neb. App. 155, 609 N.W.2d 59 (2000)), we find no error in the admission or exclusion of evidence in this case. The court was thorough in verifying the completeness and authenticity of Cabrera's exhibit and in properly preventing Antillon from offering hearsay testimony.

Overall, the court gave both parties the same opportunity to offer exhibits, give testimony, and suggest questions for the court to ask the opposing party. We therefore cannot find that Cabrera has overcome the presumption of judicial impartiality. Accordingly, his argument that he was deprived of an impartial decisionmaker is without merit.

CONCLUSION

We find that Cabrera was not deprived of his due process rights and that his argument as to his entitlement to a higher level of due process has not been preserved for appeal. We further find that his argument that the trial court was not impartial lacks merit. We therefore affirm.

AFFIRMED.