778 N.W.2d 426 (2010)
279 Neb. 390
Nuzhat MAHMOOD, appellee,
v.
Rajul-I-Haque MAHMUD, appellant.
No. S-09-511.
Supreme Court of Nebraska.
February 5, 2010.
*428 John C. Wieland and Kevin J. McCoy, of Smith, Gardner, Slusky, Lazer, Pohren & Rogers, L.L.P., Omaha, for appellant.
Elizabeth S. Borchers, P.C., and Tyler C. Block, of Marks, Clare & Richards, L.L.C., for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
McCORMACK, J.

NATURE OF CASE
Rajul-I-Haque Mahmud (Rajul) appeals from a harassment protection order entered in favor of Nuzhat Mahmood (Nuzhat). We determine that the court had jurisdiction to issue the order even though Nuzhat filed a petition for an abuse protection order instead of a harassment protection order and even though she did not request that a judge of the county court, as opposed to a judge of the district court, hear her case. But we reverse due to the lack of evidence presented at the hearing.

BACKGROUND
Nuzhat filed, in the district court for Douglas County, a form petition and affidavit to obtain a domestic abuse and protection order under Neb.Rev.Stat. § 42-924 (Reissue 2008). In the petition and affidavit, Nuzhat averred that since her divorce from Rajul in 2002, protection orders had been entered in 2002, 2003, and 2005. Nuzhat further averred that Rajul was calling her home several times a week, and sometimes several times a day, and that he had sent her roughly 100 letters over the previous 2 years. The subject of Rajul's correspondence was to convince her that their marriage was still valid under Islamic law and that they should reconcile. Nuzhat explained that "[w]hile [Rajul] is careful to not use any words that may be construed as threatening, the tone of his voice is menacing and the frequency of his letters and phone calls have greatly disturbed my peace."
Nuzhat averred that she sought the protection order because she was recovering from surgery for a torn anterior cruciate ligament and felt she would be unable to protect herself. She stated that Rajul had recently "threat[ened]" to "`come see [her].'" Nuzhat specifically requested *429 that the court enter a protection order prohibiting Rajul from (1) imposing any restraint upon her or her liberty; (2) threatening, assaulting, molesting, or attacking her or otherwise disturbing her peace; and (3) telephoning, contacting, or otherwise communicating with her. Nuzhat also sought an order that Rajul stay away from her residence and workplace. The petition was filed in the Douglas County District Court on March 13, 2009, and was marked as being "[a]ssigned to Judge McDermott," who is a judge of the county court for Douglas County.
On that same day, Judge Craig Q. McDermott found that a harassment protection order pursuant to Neb.Rev.Stat. § 28-311.09 (Reissue 2008) should be issued for a period of 1 year. The court found that it reasonably appeared from the facts in the affidavit that irreparable harm would result before the matter could be heard upon notice, so the court issued the order ex parte. Rajul was served with a copy of the order and informed that he had the right to appear and show cause why the order should not remain in effect. On March 20, 2009, Rajul requested a hearing.
At the hearing, Rajul appeared pro se and read a written statement to the court and answered questions by the court. Nuzhat's counsel interjected some comments. No evidence was formally admitted, nor was any sworn testimony presented. The court concluded that although Rajul was not necessarily "threatening" Nuzhat, he was "bothering" her, and it ordered that the protection order remain in place.

ASSIGNMENTS OF ERROR
Rajul assigns that the district court erred because (1) the court lacked jurisdiction to issue a harassment protection order upon Nuzhat's petition and affidavit; (2) issuance of a harassment protection order upon a petition and affidavit for a domestic abuse protection order was invalid because it did not comport with applicable statutes; (3) issuance of a harassment protection order upon a petition and affidavit for a domestic abuse protection order, and a hearing without notice to the pro se respondent as to the type of order being defended against, prejudiced Rajul and violated his due process rights; (4) the evidence did not support issuance of a domestic abuse protection order; and (5) the evidence did not support issuance of a harassment protection order.

STANDARD OF REVIEW
A protection order is analogous to an injunction.[1] Accordingly, the grant or denial of a protection order is reviewed de novo on the record.[2]
Subject matter jurisdiction is a question of law for the court, which requires an appellate court to reach a conclusion independent of the lower court's decision.[3]

ANALYSIS

JURISDICTION
We first address Rajul's arguments that the district court lacked jurisdiction because the matter was heard by a judge of the county court, not the district court. In his first assignment of error, Rajul asserts that the county court judge could not be deemed "`appointed'"[4] to hear the matter by the district court because Nuzhat *430 failed to request a hearing before a county court judge. Rajul asserts that such a request is required under Neb.Rev. Stat. § 25-2740 (Reissue 2008) and that without it, a harassment protection case must be heard in district court. Section 25-2740(2) states:
The party shall state in the petition or complaint whether such party requests that the proceeding be heard by a county court judge or by a district court judge. If the party requests the case be heard by a county court judge, the county court judge assigned to hear cases in the county in which the matter is filed at the time of the hearing is deemed appointed by the district court and the consent of the county court judge is not required.
The standard application form provided to Nuzhat did not contain an option to choose between a district court judge and a county court judge.
We find that the county court judge's authority was not invoked by § 25-2740. Rather, the county court judge had authority to hear the proceedings pursuant to Neb.Rev.Stat. § 24-312(3) (Reissue 2008). Under that section, no formal appointment or request is necessary. Instead, under § 24-312(3), domestic matters are distributed between the county and district court judges as part of an annual plan to more efficiently administer the caseload of these courts:
In an effort to more efficiently administer the caseload, the presiding judges of the district court and county court in each judicial district may assign between the courts cases involving domestic relations matters. . . . The presiding judges shall annually review the caseload of the two benches and determine whether to reassign cases involving domestic relations matters. . . . The consent of the parties shall not be required for such cases. . . . The annual plan on the case assignments shall be sent to the Supreme Court. . . .
On January 5, 2009, the presiding judges of the district and county courts of Douglas County filed a letter, pursuant to § 24-312(3), explaining that for the year 2009, they had agreed to split equally all domestic and harassment protection order cases between the two courts. It is apparent that this is the reason Nuzhat's petition was heard by a county court judge. Jurisdiction under § 24-312(3) is separate from the invocation of jurisdiction under § 25-2740, and we find no jurisdictional defect based on the absence of a specific request in the petition that a county court judge hear the case. Therefore, we find no merit to Rajul's first assignment of error.
In his second assignment of error, Rajul argues that even if the county court could hear the petition, it lacked statutory authority to issue a harassment protection order, because Nuzhat's petition was for a domestic abuse protection order and she never filed an amended petition for a harassment protection order. We note that there is no record of Rajul's objecting to the alleged defect in the petition, but we will address the argument to the extent that Rajul asserts that the court lacked subject matter jurisdiction to issue the order. The issue of subject matter jurisdiction can be raised at any time.[5]
Rajul argues that a filing of the correct form is strictly necessary under § 28-311.09(6), which states:
The clerk of the district court shall make available standard application and affidavit forms for a harassment protection order with instructions for completion to be used by a petitioner. The *431 clerk and his or her employees shall not provide assistance in completing the forms. The State Court Administrator shall adopt and promulgate the standard application and affidavit forms provided for in this section as well as the standard temporary and final harassment protection order forms and provide a copy of such forms to all clerks of the district courts in this state. These standard temporary and final harassment protection order forms shall be the only such forms used in this state.
Rajul also relies on subsection (1) of § 28-311.09 insofar as it states that the judge may issue a harassment protection order "[u]pon the filing of such a petition and affidavit. . . ."
We find no merit to Rajul's argument that § 28-311.09 is jurisdictional or that it changes the rules of notice pleading generally applicable to civil actions. A similar argument was rejected by the Washington Court of Appeals in Emmerson v. Weilep.[6] The court therein explained that although the applicable statute required that the administrator for the courts develop model forms and make such forms available, the statute did not expressly require petitioners to use those forms. While Nebraska's § 28-311.09(6) provides that the standard forms shall be the only ones used, this does not mean that without the proper standard form, the court lacks authority to act.
Moreover, in this case, Nuzhat used a standard form  she merely used the standard form for abuse instead of harassment. Our review of the two forms reveals that they are barely distinguishable. The differences between the two forms are that they contain different titles, that the abuse protection form asks for the relationship of the respondent, and that the abuse protection form asks the petitioner to list the most recent incidents of "domestic abuse," instead of the most recent incidents of "harassment."
We find that the county court judge in this case properly looked to what Nuzhat was asking for instead of simply the title of the petition. Under the rules of notice pleading in effect since 2003,[7] Nebraska's pleading practices have now been liberalized.[8] A party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief.[9] Plaintiffs are not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.[10] The rationale for this liberal notice pleading standard is that
when a party has a valid claim, he should recover on it regardless of [a] failure to perceive the true basis of the claim at the pleading stage, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining a defense upon the merits.[11]
*432 The thrust of Nuzhat's petition was to seek a harassment protection order. In accordance with § 28-311.09, the petition set forth the events and date of the acts constituting the alleged harassment. Nuzhat described a history of numerous telephone calls and letters, but she did not allege violence. And in accordance with the statutory description of harassment protection orders, the petition sought to enjoin the respondent from (1) imposing any restraint upon the person or liberty of the petitioner; (2) harassing, threatening, assaulting, molesting, attacking, or otherwise disturbing the peace of the petitioner; or (3) telephoning, contacting, or otherwise communicating with the petitioner.[12] This provided fair notice of the claim asserted and was sufficient to confer authority on the court to issue the order. Therefore, we find no merit to Rajul's second assignment of error. And, because Rajul neither objected to the proceedings nor was prejudiced by the notice he received, we also reject his third assignment of error.

SUFFICIENCY OF EVIDENCE
Having determined that the court had jurisdiction, we next address the underlying merits of Rajul's appeal. We find dispositive Rajul's argument that the evidence was insufficient. We need not address whether the facts alleged could be considered "harassment" under Neb.Rev. Stat. § 28-311.02 (Reissue 2008), but conclude simply that the proceedings were so informal that there was no evidence properly admitted for the court's consideration.
In so holding, we are mindful of the fact that the contested factual hearing in protection order proceedings is a show cause hearing, in which the fact issues before the court are whether the facts stated in the sworn application are true.[13] Numerous cases have held that because the intrusion on the respondent's liberty interests is limited, the procedural due process afforded in a harassment protection hearing is likewise limited.[14] The Nebraska Court of Appeals has explained that protection proceedings are summary in nature and that the court in such proceedings is justified in excluding evidence if its probative value is substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[15]
Nevertheless, some evidence must be presented. In this case, the proceedings were so informal that we have been left with no evidence at all. The record contains no sworn testimony or exhibits. Instead, the bill of exceptions reflects only the informal discussion of the parties at the show cause hearing. We have said that evidence consists of facts admitted at a trial to establish or disprove the truth of allegations put in issue by the pleadings.[16] And the allegations of a petition require proof by evidence incorporated in the bill of exceptions.[17]
*433 We agree with Nuzhat that a prima facie case may be established by a form petition and affidavit. But the petition and affidavit cannot be considered as evidence until offered and accepted at the trial as such. The ex parte order does not relieve the petitioner of the burden to establish by a preponderance of the evidence the truth of the facts supporting a protection order.[18] Nuzhat's "Petition and Affidavit" was never entered into evidence; nor were the prior protection orders or any other evidence. The written statement Rajul read to the court cannot be considered evidence when he was not put under oath. While we do not expect show cause harassment protection hearings to reflect the full panoply of procedures common to civil trials, we do hold that at a minimum, testimony must be under oath and documents must be admitted into evidence before being considered. In light of the fact that the court had no evidence upon which it could base its findings, we find in our de novo review that the evidence is insufficient to support the protection order.

CONCLUSION
For the foregoing reasons, we reverse, and remand with directions to vacate the harassment protection order.
REVERSED AND REMANDED WITH DIRECTIONS.
NOTES
[1] See Elstun v. Elstun, 257 Neb. 820, 600 N.W.2d 835 (1999).
[2] Id.
[3] State v. Clark, 278 Neb. 557, 772 N.W.2d 559 (2009).
[4] Brief for appellant at 12.
[5] See McClellan v. Board of Equal. of Douglas Cty., 275 Neb. 581, 748 N.W.2d 66 (2008).
[6] Emmerson v. Weilep, 126 Wash.App. 930, 110 P.3d 214 (2005).
[7] See Neb. Ct. R. Pldg. §§ 6-1101 to 6-1116.
[8] See Vande Guchte v. Kort, 13 Neb.App. 875, 703 N.W.2d 611 (2005).
[9] Id.
[10] Alvarez v. Hill, 518 F.3d 1152 (9th Cir. 2008); Wynder v. McMahon, 360 F.3d 73 (2nd Cir.2004); Slaney v. The Intern. Amateur Athletic Federation, 244 F.3d 580 (7th Cir.2001); Rymal v. Baergen, 262 Mich.App. 274, 686 N.W.2d 241 (2004); Toney v. Bouthillier, 129 Ariz. 402, 631 P.2d 557 (Ariz.App.1981).
[11] 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1219 at 282-83 (3d ed. 2004).
[12] See § 28-311.09(1).
[13] Zuco v. Tucker, 9 Neb.App. 155, 609 N.W.2d 59 (2000).
[14] See, Gourley v. Gourley, 158 Wash.2d 460, 145 P.3d 1185 (2006); H.E.S. v. J.C.S., 175 N.J. 309, 815 A.2d 405 (2003); McKinney v. McKinney, 820 N.E.2d 682 (Ind.App.2005); Paschal v. Hazlinsky, 803 So.2d 413 (La.App. 2001).
[15] Zuco v. Tucker, supra note 13. See, also, Neb.Rev.Stat. § 27-403 (Reissue 2008).
[16] Kimball v. Nebraska Dept. of Motor Vehicles, 255 Neb. 430, 586 N.W.2d 439 (1998).
[17] Everts v. School Dist. No. 16, 175 Neb. 310, 121 N.W.2d 487 (1963).
[18] See, Abboud v. Lakeview, Inc., 237 Neb. 326, 466 N.W.2d 442 (1991); People ex rel. Minteer v. Kozin, 297 Ill.App.3d 1038, 697 N.E.2d 891, 232 Ill.Dec. 149 (1998).