IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

KAHM V. WIESTER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JENNIFER C. KAHM, APPELLEE,
V.
JONATHAN WIESTER, APPELLANT.

Filed September 3, 2013.    No. A-12-1157.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge.
Affirmed.

Bernard J. Glaser, Jr., for appellant.

No appearance for appellee.

INBODY, Chief Judge, and IRWIN and RIEDMANN, Judges.

INBODY, Chief Judge.

INTRODUCTION

Jonathan Wiester appeals the continuation of a harassment protection order against him. He contends that the evidence was insufficient to support the continuance of the protection order for 1 year because no evidence was presented at the contested hearing, which he requested, but at which he failed to appear.

STATEMENT OF FACTS

On October 8, 2012, Jennifer C. Kahm filed a petition and affidavit to obtain a domestic abuse protection order against Wiester, alleging that in May or June 2012, Wiester had yelled and screamed at her and the parties' daughter; threatened Kahm's life; and threatened to pick up the parties' daughter from daycare, even though he had been banned from the daycare for a past incident when he had screamed profanities at Kahm while she was teaching a class at the daycare. She alleged that in August 2012, while Wiester was intoxicated and angry, he threw Kahm's cellular telephone at her, nearly hitting her and shattering it, even though it was in a

- 1 -

protective case. Police were called after he was breaking glass and throwing items. She further alleged that in October 2012, at a visitation with the parties' daughter, Kahm became scared and attempted to leave with the child in her vehicle when Wiester and a friend used their vehicle to attempt to swerve at her vehicle while yelling at her, causing Kahm to fear for her and her daughter's safety. Kahm's affidavit stated that Wiester had used methamphetamines in the past, that he looked "strung out," and that she was not certain what Wiester was capable of. Based on the allegations contained in Kahm's petition and affidavit, on October 9, the district court entered an ex parte harassment protection order pursuant to Neb. Rev. Stat. § 28-311.09 (Cum. Supp. 2012). Wiester was served that same day, and 3 days later, on October 12, he filed a request for a hearing, which was set for November 6 at 8:30 a.m. The certificate of service stated that both Kahm and Wiester were served the notice of the hearing by U.S. mail, postage prepaid, at their respective addresses shown in the request for the hearing and petition.

The hearing was held as scheduled on November 6, 2012, commencing at 8:44 a.m. Kahm appeared, but Wiester did not. The district court asked Kahm if she wished for the protection order to remain in place, and she stated that she did. No evidence was adduced at the hearing. The district court stated that "[based on [Wiester's] failure to appear, the harassment protection order will remain in effect for a period of one year" and thereafter entered an order to the effect that the harassment protection order issued on October 9 shall remain in effect for 1 year from the date of the original order. Wiester has timely appealed to this court.

## ASSIGNMENTS OF ERROR

Wiester's claim on appeal, restated, is that the evidence presented at the factual hearing was insufficient to support the continuance of the harassment protection order for 1 year. He further claims that the continuation of the harassment protection order, without any evidence in support thereof, violated his right to due process.

## STANDARD OF REVIEW

A protection order is analogous to an injunction. *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010). Accordingly, the grant or denial of a protection order is reviewed de novo on the record. *Id.*

## ANALYSIS

Wiester's claim on appeal, restated, is that the evidence presented at the factual hearing was insufficient to support the continuance of the harassment protection order for 1 year. He further claims that the continuation of the harassment protection order, without any evidence in support thereof, violated his right to due process. Wiester cites to *Mahmood v. Mahmud, supra*, and *Sherman v. Sherman*, 18 Neb. App. 342, 781 N.W.2d 615 (2010), in support of his claims.

In *Mahmood v. Mahmud, supra*, the Nebraska Supreme Court noted that a contested factual hearing in protection order proceedings is a show cause hearing, in which the fact issues before the court are whether the facts stated in the sworn application are true. Thus, even though the procedural due process afforded in a harassment protection hearing is limited, some evidence was required to be presented and the allegations of the petition required proof by evidence incorporated in the bill of exceptions. *Id.* The court further noted that although a prima facie case

may be established by a form petition and affidavit, these documents still cannot be considered as evidence until offered and accepted at trial. *Id*. In *Mahmood*, since no evidence was adduced at the contested hearing, the evidence was insufficient to support the harassment protection order.

Likewise, in *Sherman v. Sherman, supra*, this court held that a court could not take judicial notice of the petition and affidavit in a protection order case because a court may not take judicial notice of disputed facts and, because no evidence was adduced at the hearing, the evidence was insufficient to support the harassment protection order.

Although we agree with the dictates set forth in *Mahmood* and *Sherman*, there is a major factual difference which distinguishes those cases from the instant case. Both *Mahmood* and *Sherman* involved contested hearings where both parties were present at the hearing. In the instant case, although Wiester requested a hearing and that hearing was scheduled and held, he failed to appear. Thus, the dictates set forth in *Mahmood* and *Sherman*, regarding what evidence is necessary to be adduced at contested factual hearings, is inapplicable to the instant case.

Furthermore, in 2012, the harassment protection order statute was amended by the Legislature to address the factual situation where a party requests a hearing but then fails to appear. Section 28-311.09(8)(b) was amended to include the following language, inter alia, "[i]f the respondent has been properly served with the ex parte order and fails to appear at the hearing, the temporary order shall be deemed to be granted and remain in effect . . . ." This amendment became effective on July 19, well before the November 6 hearing in this case. Since the record reflects that Wiester was properly served with the ex parte order and failed to appear at the show cause hearing, pursuant to statute, the temporary order was deemed to be granted and remain in effect.

Although Wiester argues that the continuation of the harassment protection order, without any evidence in support thereof, violated his right to due process, he has not challenged the constitutionality of § 28-311.09.

Due process does not guarantee an individual any particular form of state procedure. Instead, the requirements of due process are satisfied if a person has reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights which might be affected by it. *In re Interest of S.J.*, 283 Neb. 507, 810 N.W.2d 720 (2012), *cert. denied* ___ U.S. ___, 133 S. Ct. 837, 184 L. Ed. 2d 663 (2013); *Slansky v. Nebraska State Patrol*, 268 Neb. 360, 685 N.W.2d 335 (2004). Due process is a flexible notion which calls for such procedural protections as the particular situation demands. *Marshall v. Wimes*, 261 Neb. 846, 626 N.W.2d 229 (2001); *In re Interest of Stephanie H. et al.*, 10 Neb. App. 908, 639 N.W.2d 668 (2002).

The record reflects that Wiester had both notice and the opportunity to be heard--he received notice of the hearing and, although he failed to appear at the hearing, he had the opportunity to be heard at the hearing, which is what due process requires. Thus, his claim that he was denied due process is without merit.

- 3 -

## CONCLUSION

Since Wiester was properly served with the ex parte order and he failed to appear at the show cause hearing, the district court properly ordered that the harassment protection order was to continue in effect for 1 year from the date of the original order.

AFFIRMED.