IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MARTINEZ V. AKINS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

DORY M. MORA MARTINEZ, APPELLEE,

V.

SAMAR R. AKINS, APPELLANT.

Filed February 9, 2016.    No.  A-15-511.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge. Reversed and remanded with directions.

Samar R. Akins, pro se.

No appearance for appellee.

INBODY, PIRTLE, and RIEDMANN, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Samar R. Akins appeals from a domestic abuse protection order entered in favor of Dory M. Mora Martinez. Because we find the evidence is insufficient to support the protection order, we reverse, and remand with directions to vacate the order.

### BACKGROUND

On May 4, 2015, Martinez filed a form petition and affidavit to obtain a harassment protection order under Neb. Rev. Stat. § 28-311.09 (Cum. Supp. 2014). In the petition and affidavit, Martinez averred that the parties are the parents of two children, of which she has sole legal and physical custody, and Akins has parenting time every other weekend. Martinez claimed that Akins does not pick up the children for his scheduled visits, but instead, he shows up at her

- 1 -

house unannounced every other day demanding to take the children when it is not his parenting time. She also stated that Akins calls repeatedly and lives next door to her, so when the police remove him from her property, he stands for hours at the edge of his property where she can see him.

In addition, the petition and affidavit alleged that on one occasion, the children's school called Akins when one of the children was sick, and when Martinez arrived at the school, Akins was already there, yelling at the staff. Because it was not Akins' day for parenting time, Martinez took the children with her and ran to the car to get away from Akins. Two days later, Akins showed up at the school and took the parties' daughter from the school even though it was not his parenting time. In the petition and affidavit, Martinez also claimed that Akins has repeatedly threatened that he will take the children from her and take them back to Africa to keep them away from her. She said that Akins repeatedly makes allegations to the school and police that she is not taking care of the children. She stated that Akins shows up at her residence in the middle of the night and pounds on the door until she answers it, demanding to see the children.

Based on Martinez' petition and affidavit, the district court entered an ex parte domestic abuse protection order pursuant to Neb. Rev. Stat. § 42-924 (Cum. Supp. 2014). Akins requested a show cause hearing, which was held on June 2, 2015.

At the hearing, Akins appeared pro se and Martinez was represented by counsel. Martinez testified that the facts and allegations set forth in the petition and affidavit are true and correct. Martinez stated that despite the terms of the parenting plan, Akins shows up at her house wanting to see the children when it is not his parenting time. Since the temporary protection order was issued on May 4, Akins had gone to Martinez' home three or four times. Martinez testified that when Akins goes to her home, he is "always aggressive, he yells and he assaults." Akins threatened that if Martinez did not let the children go with him, he would take them away from her and take them to another country. He also threatened to have Martinez deported back to "[her] country." Martinez testified that she is very afraid when Akins shows up at her house and her heart starts beating fast.

Akins testified on his own behalf and admitted to going to Martinez' house to see the children at times other than his allotted parenting time. He also acknowledged that he lives next door to Martinez and has been asked by police to leave her property. But he said that he has never threatened her, is not going to threaten her, and poses no threat to her.

The district court found that Martinez had shown that Akins attempted to cause, or intentionally, knowingly, or recklessly caused, bodily injury to her or by means of a credible threat, placed her in fear of bodily injury, and the court entered an order affirming the domestic abuse protection order. Akins now appeals to this court.

## ASSIGNMENTS OF ERROR

Akins assigns that the district court erred in issuing a domestic abuse protection order against him.

STANDARD OF REVIEW

A protection order is analogous to an injunction. *Linda N. on behalf of Rebecca N. v. William N.*, 289 Neb. 607, 856 N.W.2d 436 (2014). Accordingly, the grant or denial of a protection order is reviewed de novo on the record. *Id*.

ANALYSIS

At the outset we note that instead of the domestic abuse protection order that the district court issued, Martinez actually applied for a harassment protection order, pursuant to Neb. Rev. Stat. § 28-311.09 (Cum. Supp. 2014). The Supreme Court has determined that the standard form petitions for each protection order are barely distinguishable and that the trial court has the authority to issue either type of protection order based upon the relief the petitioner actually requests as opposed to the title of the petition. See *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010).

Here, however, it appears that Martinez was actually seeking a harassment protection order. A harassment protection order is proper when a person has "engage[d] in a knowing and willful course of conduct directed at a specific person which seriously terrifies, threatens, or intimidates the person and which serves no legitimate purpose." Neb. Rev. Stat. § 28-311.02(2)(a) (Reissue 2008). Martinez' petition sets forth the events and date of the acts constituting the alleged harassment. She asked the court to prohibit Akins from imposing any restraint upon her or upon her liberty and prohibit him from harassing, threatening, assaulting, molesting, or attacking her, or otherwise disturbing her peace.

We need not address whether the facts alleged could be considered "harassment," however, because the order which was entered and from which Akins appeals was a domestic abuse protection order. Martinez was represented by counsel at the show cause hearing, and there were no objections to the type of order at issue, nor is this issue raised on appeal. We therefore address only whether the evidence was sufficient to sustain a domestic abuse protection order. We conclude that it was not.

Akins argues that the court erred in entering the protection order because Martinez never claimed that he was physically violent or threatened violence towards her or that she was in fear of physical harm from him.

Nebraska's Protection from Domestic Abuse Act allows a victim of domestic abuse to obtain a protection order against a member of his or her household upon a showing of abuse before the district court. Neb. Rev. Stat. § 42-924 (Cum. Supp. 2014). Abuse is defined under this act as the occurrence of one or more of the following acts between household members:

> (a) Attempting to cause or intentionally and knowingly causing bodily injury with or without a dangerous instrument;
> (b) Placing, by means of credible threat, another person in fear of bodily injury . . . ; or
> (c) Engaging in sexual contact or sexual penetration without consent as defined in section 28-318.

Neb. Rev. Stat. § 42-903(1) (Cum. Supp. 2014). Household members include children and persons who have a child in common. § 42-903(3). The statute defines "credible threat" as

a verbal or written threat, including a threat performed through the use of an electronic communication device, or a threat implied by a pattern of conduct or a combination of verbal, written, or electronically communicated statements and conduct that is made by a person with the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her safety or the safety of his or her family. It is not necessary to prove that the person making the threat had the intent to actually carry out the threat.

§ 42-903(1)(b).

There was no evidence presented that Akins caused or attempted to cause bodily injury to Martinez or the children. Although Martinez testified that when Akins goes to her house, "he yells and he assaults," she never claimed that the assaults caused bodily injury. Similarly, Martinez never contended that Akins placed her in fear of bodily injury or in fear for her or the children's safety. At most, Akins threatened to take the children from her and contact the authorities regarding her immigration status. These threats do not meet the requirements for a domestic abuse protection order. Finally, there was no evidence regarding sexual contact between the parties which would constitute abuse. We therefore find in our de novo review that the evidence is insufficient to support a domestic abuse protection order.

## CONCLUSION

For the foregoing reasons, we reverse, and remand with directions to vacate the protection order.

REVERSED AND REMANDED WITH DIRECTIONS.