IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

BRITTON V. SIMMS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ABBIE BRITTON ET AL, APPELLEES,

V.

CHRISTOPHER SIMMS, APPELLANT.

Filed July 30, 2019.    No. A-19-108.

Appeal from the District Court for Douglas County: MARLON A. POLK, Judge. Reversed and remanded with directions.

Andrew J. Hilger, of Law Office of Andrew J. Hilger, for appellant.

No appearance for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

PIRTLE, Judge.

INTRODUCTION

On December 28, 2018, Abbie Britton filed an ex parte petition and affidavit for a domestic abuse protection order on behalf of herself and her children against Christopher Simms, a former domestic partner and father of her youngest child. The ex parte petition was granted by the District Court for Douglas County. On December 31, 2018, Simms filed a request for hearing to determine whether the order should remain in effect. After a show cause hearing held February 4, 2019, the order entering the protection order was affirmed.

Simms appeals from the district court's order of February 4, 2019. On appeal he asserts the district court erred by relying on insufficient evidence to warrant granting the protection order in the first place. We agree. Accordingly, we reverse the district court's order and remand the cause with directions.

BACKGROUND

In 2016 and 2017 Britton sought and was granted, protection orders against Simms. Britton's testimony during the show cause hearing established her preference for domestic abuse protection orders over harassment orders because they could be renewed in "the eleventh month," prior to expiration. In the summer of 2018, while the protection order issued in December 2017 was still in effect, Britton complained to law enforcement that Simms was in frequent violation of the 2017 protection order by driving by her house or parking in front of the house at various times of the day and night and playing loud rap music on the car stereo. Simms did not exit his vehicle or confront Britton during any of these occasions but he did pull into her driveway and blocked her vehicle on one occasion. The Douglas County attorney filed three separate protection order violation complaints against Simms based on this behavior alleging specific instances of "driving by" occurring on May 6 and June 2, 2018. Trial on the protection order violations was held on December 28, 2018. Britton was a witness in the protection order violations trial and Simms was found guilty and jailed.

On the same day as the protection order violation trial, Britton filed a petition for renewal of the 2017 protection order alleging Simms had violated the 2017 protection order on six separate occasions not already charged by the Douglas County attorney. The petition alleged Simms parks in front of her house or drives by booming rap music from the stereo. The petition was granted. Simms filed a motion for a show cause hearing on December 31, 2018. The show cause hearing was set for February 4, 2019.

Britton testified at the show cause hearing that the basis for the newest protection order request was the repeated "driving by the house" or "parking in front of the house." As of the date of the show cause hearing Simms remained in jail following his December 28, 2018, conviction on the three protection order violations which had been charged by the Douglas County attorney in the summer of 2018. Simms did not appear but he was represented by counsel. Britton appeared pro se.

Aside from some examination of Britton by the district judge, no other witnesses were called and no exhibits were received into evidence during the show cause hearing. The application for the domestic abuse protection order was not offered or received, nor were any of the supporting affidavits. When questioned by the judge, Britton testified that the ongoing "drive by" behaviors "terrify her" and that all of her children have observed Simms driving by the house. Britton also testified there has been no "parental contact" between Simms and his child in over 2 years.

Simms' lawyer engaged in colloquy with the judge and raised some concern that Britton was really seeking a harassment protection order since her allegations did not meet the statutory definition of "abuse." The court confirmed with Britton that she was in fact seeking to affirm a domestic abuse protection order based on Simms' "driving by" behavior which had not been previously charged as protection order violations.

In affirming the ex parte domestic abuse protection order entered December 28, 2018, the district court did not make specific factual findings but affirmed the form order entered December 28, 2018, which found Simms had (1) attempted to cause, or intentionally, knowingly, or recklessly

caused, bodily injury to Britton and her children or (2) by means of a credible threat placed Britton and her children in fear of bodily injury. Simms has appealed.

ASSIGNMENTS OF ERROR

On appeal, Simms asserts that the district court erred in determining Britton produced sufficient evidence on behalf of herself and her children to affirm the ex parte order entered against him.

STANDARD OF REVIEW

A domestic violence protection order is analogous to an injunction. See, Neb. Rev. Stat. § 42-924 (Reissue 2008 & Cum. Supp. 2010); *Robert M. on behalf of Bella O. v. Danielle O.*, 303 Neb. 268, 928 N.W.2d 407 (2019). Accordingly, the grant or denial of a domestic violence protection order is reviewed de novo on the record. *Robert M. on behalf of Bella O. v. Danielle O., supra*. In such de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court. *Id.*

ANALYSIS

It appears from the application for the domestic abuse protection order that Britton and her children are co-equal applicants. Simms is the alleged father of only one of the five children in the Britton household. Britton does not make any factual allegations which distinguish any claims her children may have from the claim she makes for herself. Consequently, our analysis applies to Britton and her children without distinction.

The protection from Domestic Abuse Act (the Act), Neb. Rev. Stat. § 42-901 et seq. (Reissue 2008 & Cum. Supp. 2010), allows any victim of domestic abuse to file a petition and affidavit for a protection order pursuant to § 42-924. "Abuse" is defined by § 42-903(1) as the occurrence of one or more of the following acts "between family or household members":

> (a) Attempting to cause or intentionally and knowingly causing bodily injury with or without a dangerous instrument;
>
> (b) Placing, by means of credible threat, another person in fear of bodily injury; . . . or
>
> (c) Engaging in sexual contact or sexual penetration without consent as defined in section 23-318.

"[F]amily or household members" includes persons who have a child in common whether or not they have been married or have lived together at any time. Simms is the father of one of Britton's children and Simms and Britton had cohabited. Simms and Britton are "family or household members" for purposes of the protection order application.

The definition of "abuse" also requires causing or attempting to cause bodily injury, or a threat putting another person "in fear of" bodily injury.

A "credible threat" means

> a verbal or written threat, including a threat performed through the use of an electronic communication device, or a threat implied by a *pattern of conduct* or a combination of

verbal, written or electronically communicated statements and conduct that is made by a person with the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her safety or the safety of his or her family.

§ 42-903(1)(b) (emphasis added).

Whether domestic abuse has occurred is the threshold issue in determining if an ex parte protection order should be affirmed. Absent abuse as defined by § 42-903 the ex parte order must be dismissed. *Robert M. on behalf of Bella O. v. Danielle O., supra.*

## CREDIBLE THREAT

The plain meaning of "credible threat" is a declaration or expression of an intention to inflict harm or damage utilizing various or combined methods of communication made by someone with the ability to carry out the threat. *Id.* There is no evidence Simms ever made contact, verbal or otherwise, with anyone in Britton's household. And, as a result, there is no evidence of any sort of "credible threat." Since there is no "threat" toward Britton or any of her children, Britton cannot have reasonably believed they were at risk for bodily injury. Britton testified she is terrified of Simms' cruising behavior but she does not allege any specific communication or overt acts which could be construed as "threats" sufficient to make her fearful.

Nor is repeatedly driving by Britton's house a threat "implied by a pattern of conduct." § 42-903(1)(b). While Britton alleges numerous instances of Simms driving by which might be construed as a "pattern of driving by," the behavior does not appear to have threatened anyone since there was no communication to Britton or her children that they were at risk for some sort of harm. Additionally, each "drive by" was a single act. Simms did not drive by, get out of his car, engage in acts of physical violence, or make threats and then drive away. A pattern of conduct cannot be demonstrated by a single act. Rather a series of actions at Britton's house or wherever she may be found is required. See *Robert M. on behalf of Bella O. v. Danielle O.*, 303 Neb. 268, 928 N.W.2d 407 (2019) (pattern of conduct cannot be demonstrated by single act; multiple instances of violent behavior against multiple victims in multiple locations in home sufficient to amount to pattern of conduct). Here, there is no evidence Simms ever got out of his car or approached anyone in the Britton household or communicated anything threatening to anyone.

## NO EVIDENCE OF "ABUSE"

There is no evidence of any injury or threat of injury to anyone in Britton's household which could reasonably cause any family member to be fearful. There is no evidence of a credible threat by Simms to do bodily harm to Britton or her children. While the cruising behavior may surely be annoying, it does not rise to the level of "abuse." Absent "abuse," the protection order may not remain in effect. See *Maria A. on behalf of Leslie G. v. Oscar G.*, 301 Neb. 673, 919 N.W.2d 841 (2018). See, also, *Linda N. v. William N.*, 289 Neb. 607, 856 N.W.2d 436 (2014).

## SUFFICIENCY OF EVIDENCE

At the show cause hearing Britton had the burden to prove by a preponderance of the evidence the truth of the facts supporting her request for a protection order, even though show

cause hearings may be more informal than trials. *Maria A. on behalf of Leslie G. v. Oscar G., supra.* Once that burden is met, the burden shifts to Simms to show cause why the protection order should not remain in effect. See *id.*

The bill of exceptions in this case reflects a very informal proceeding. While protection order proceedings are summary in nature and the court is justified in excluding evidence if its probative value is outweighed by considerations of delay, there needs to be some evidence establishing the allegations made in the application which are then incorporated into the bill of exceptions. See *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010) (prima facie case may be established by form petition and affidavit but neither will be considered as evidence until offered and accepted at trial). The only sworn testimony during the show cause hearing was Britton's preference for a domestic abuse order rather than a harassment order because a domestic abuse order could be renewed. The basis for the request was the cruising behavior. There was no testimony about any threat or bodily injury endured by Britton. The application, affidavits, and prior protection orders were never entered into evidence. Nor was any evidence related to any specific claims applicable to the children offered or received.

The record is without evidence of "abuse" by Simms against Britton because there is no evidence of any injuries or credible threats by Simms which could have put Britton or her children in fear or at risk for physical harm. There was insufficient evidence of "abuse" to warrant affirming the domestic abuse protection order following the show cause hearing on February 4, 2019, and as a consequence the order must be vacated.

## CONCLUSION

For the foregoing reasons, we reverse, and remand the cause with directions to vacate the domestic abuse protection order entered December 28, 2018.

REVERSED AND REMANDED WITH DIRECTIONS.