IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

KOCH V. SUSAN S.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ISAAC D. KOCH, APPELLANT,

V.

SUSAN S., APPELLEE.

Filed May 2, 2023.    No. A-22-824.

Appeal from the District Court for Colfax County: CHRISTINA M. MARROQUIN, Judge. Affirmed.

Isaac D. Koch, pro se.

No appearance for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

BISHOP, Judge.

### INTRODUCTION

Isaac D. Koch, pro se, appeals from the order of the Colfax County District Court dismissing without a hearing his petition for a harassment protection order against Susan S. We affirm.

### BACKGROUND

On October 7, 2022, Koch filed with the clerk of the district court a "Petition and Affidavit to Obtain Harassment Protection Order," wherein Koch indicated that he had been harassed by Susan. In describing his relationship to Susan, Koch stated that he had "no past acquaintance" with her. Koch also identified two of his children as additional petitioners, both of whom resided at addresses different from Koch's, and Koch indicated for each of them, "DO NOT CONTACT."

- 1 -

Koch attached a "STATEMENT" to his petition and affidavit, wherein he described the alleged harassment. Koch stated that he mailed an envelope containing a pamphlet, and according to the "Sarpy County Assessor records," Susan's address was "among those to which [he] mailed an envelope." The envelope "addressed marriage" and contained a "certain pamphlet discussing life." The back cover of the pamphlet contained a link to a video "comparing the Holocaust to the world's practice of premeditated miscarriage." According to Koch, the video described "'abortion' as 'murder of children in the womb,'" but that "[n]owhere in the video are the words 'Planned Parenthood' said or written." On September 27, 2022, Koch received a response from Susan, wherein she wrote, "Thank you for the lovely reminder about misinformation. I have donated to Planned Parenthood in your name." Koch's statement contained scanned images of the envelope and pamphlet Koch mailed, as well as Susan's response.

Koch alleged that Susan "actually voluntarily further[ed] the opposite of his convictions." He claimed that abortion is unlawful in Nebraska and because Planned Parenthood provides abortion services, "it is illegal to donate to 'Planned Parenthood' in Nebraska." Koch contended that Susan's actions were crimes, including "[c]onspiracy to commit murder," "[h]arassment," and "[f]raud," among other listed crimes. Koch included a list of various Nebraska statutes (conspiracy, murder in the first degree, disturbing the peace, stalking, harassment, criminal impersonation, criminal attempt, and perjury) and federal laws (fraud, freedom of access to clinic entrances, racketeering, conspiracy, and use of interstate commerce facilities in commission of murder-for-hire). He also listed the Nebraska Constitution's protection of speech and publication.

Koch requested that the district court enter a protection order "prohibiting [Susan] from harassing, threatening, assaulting, molesting, attacking, or otherwise disturbing the peace of" Koch and his two children, and ordering Susan to "withdraw any donation and provide written proof to [him] within 10 business days."

On October 7, 2022, the district court entered an "Order Dismissing Petition for Harassment Protection Order Without Hearing," which stated:

> Upon consideration of the petition and affidavit, the Court finds that the requested relief should be denied and the petition should be dismissed . . . . The facts alleged do not allege a course of conduct that seriously terrifies, threatens or harasses as defined by statute. The Court fu[r]ther finds the contentions frivolous and assesses costs.

On October 14, 2022, Koch filed a "Motion to Alter or Amend," "pray[ing] for an amended dismissal order that instead sets a hearing." Koch alleged that "[t]he petitioners are terrified, threatened, or intimidated by the respondent's donation to fund thwarting of the human life." He further alleged that the "[d]eath of a child is terrifying" and "[a]n unprovoked donation in another person's name to fund Respondent's cause, in retaliation for civil discourse, is intimidating. This is within the meaning of harassment in Neb. Rev. Stat. § 28-311.02(2)(a-c) [(Reissue 2016)]." That same day, the district court denied Koch's motion. On November 3, Koch filed a notice of appeal, and the following day, the court entered a "Nunc Pro Tunc" order correcting a clerical error in the respondent's name in the case caption.

- 2 -

## ASSIGNMENTS OF ERROR

Koch assigns that the district court erred in discrediting his claims, denying the relief requested, and finding his claims frivolous.

## STANDARD OF REVIEW

A protection order is analogous to an injunction. *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010). Accordingly, the grant or denial of a protection order is reviewed de novo on the record. *Id*.

## ANALYSIS

### DISCREDITING OF CLAIMS AND DENIAL OF REQUESTED RELIEF

Koch claims that he "devised a lawful and peaceful document for publication" which he placed in the mail, and in response, Susan "extrapolated [his] benign intent and maliciously took undeniable steps to subvert his lawful endeavor." Brief for appellant at 8. He contends that Susan's actions constituted "willful harassment in a knowing and willful course of conduct directed at Koch that seriously intimidates him and serves no legitimate purpose." *Id*. at 9.

Harassment protection orders are issued pursuant to Neb. Rev. Stat. § 28-311.09 (Cum. Supp. 2022), which provides in relevant part:

> Any victim who has been harassed as defined by section 28-311.02 may file a petition and affidavit for a harassment protection order . . . . Upon the filing of such a petition and affidavit in support thereof, the court may issue a harassment protection order without bond enjoining the respondent from (a) imposing any restraint upon the person or liberty of the petitioner, (b) harassing, threatening, assaulting, molesting, attacking, or otherwise disturbing the peace of the petitioner, or (c) telephoning, contacting, or otherwise communicating with the petitioner.

The terms of § 28-311.09 are defined in § 28-311.02, which provides in relevant part:

> (2) For purposes of sections 28-311.02 to 28-311.05, 28-311.09, and 28-311.10:
> (a) Harass means to engage in a knowing and willful course of conduct directed at a specific person which seriously terrifies, threatens, or intimidates the person and which serves no legitimate purpose;
> (b) Course of conduct means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including a series of acts of following, detaining, restraining the personal liberty of, or stalking the person or telephoning, contacting, or otherwise communicating with the person[.]

Nebraska's stalking and harassment statutes are given an objective construction and the victim's experience resulting from the perpetrator's conduct should be assessed on an objective basis; thus, the inquiry is whether a reasonable victim would be seriously terrified, threatened, or intimidated by the perpetrator's conduct. See *Rosberg v. Rosberg*, 25 Neb. App. 856, 916 N.W.2d 62 (2018). Even assuming that Susan's alleged conduct could be considered by a reasonable victim as seriously terrifying, threatening, or intimidating, Koch did not allege sufficient facts to show

that Susan had engaged in a harassing course of conduct as required by statute. In *Knopik v. Hahn*, 25 Neb. App. 157, 902 N.W.2d 716 (2017), this court elaborated on the meaning of a "course of conduct" as defined by § 28-311.02(2)(b). There, the alleged harasser repeatedly yelled profanities at the petitioners, as well as punched one of the petitioners, within a span of 10 to 20 minutes on one particular day. There was no evidence of harassment prior to or after the incident. This court found that while the alleged harasser's behavior was "unsavory," the single incident did not amount to a harassing course of conduct, and we reversed the lower court's issuance of protection orders. *Knopik v. Hahn*, 25 Neb. App. at 162, 902 N.W.2d at 721.

Here, Koch described in his petition and affidavit a single incident where he mailed an envelope containing a pamphlet "discussing life" and a link to a video "comparing the Holocaust to the world's practice of premeditated miscarriage." In response, Susan, whose "address was among those to which [Koch] mailed" such envelopes, allegedly sent him a "mailpiece" indicating that she made a donation in his name to Planned Parenthood, which Koch claimed was "conducting activities in other states that is illegal in Nebraska" and therefore "it is illegal to donate" to that organization in Nebraska. Koch did not allege that Susan harassed him prior to or after this incident. In fact, Koch specifically indicated that he had "no past acquaintance" with Susan.

We conclude that Koch did not allege sufficient facts in his petition and affidavit to satisfy the requirements for a harassment protection order and the district court did not err in dismissing Koch's petition without first holding a hearing. See *Rosberg v. Rosberg, supra* (harassment protection order statute, unlike domestic abuse protection order statute, does not require hearing if trial court concludes petition fails to state sufficient grounds for entry of order). We further observe that since this court's decision in *Rosberg v. Rosberg, supra*, the Legislature has amended § 28-311.09(7) to add three additional sentences, including a specific reference to a petition for a harassment protection order being "dismissed without a hearing."

### FRIVOLOUS CLAIMS

Koch assigns that the "district court erred by finding [his] claims frivolous." Brief for appellant at 6. However, the only discussion Koch offers in relation to this assigned error is a quoted excerpt from a case defining a "frivolous action" and his assertion that "[t]he record shows that this action is not frivolous." Brief of appellant at 11. We therefore decline to address this assigned error. See *Scalise v. Davis*, 312 Neb. 518, 980 N.W.2d 27 (2022) (to be considered by appellate court, alleged error must be both specifically assigned and specifically argued in brief of party asserting error).

### CONCLUSION

For the reasons set forth above, we affirm the district court's October 7, 2022, order dismissing Koch's petition for a harassment protection order without a hearing.

AFFIRMED.