IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


ALISHA M. V. DUARTE


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


ALISHA M. ET AL., APPELLEES,

V.

ALEJANDRO DUARTE, APPELLANT.

RACHEL W., APPELLEE,

V.

ALEJANDRO DUARTE, APPELLANT.


Filed January 30, 2024.    Nos. A-23-384, A-23-385.


Appeals from the District Court for Douglas County: DARRYL R. LOWE, Judge. Reversed and vacated, and cause remanded for further proceedings.

Alejandro Duarte, pro se.

No brief for appellees.


MOORE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Alejandro Duarte appeals from two separate orders entered by the district court for Douglas County which issued two protection orders against him. In case No. A-23-384, the district court issued a domestic abuse protection order against Duarte and in favor of Alisha M. In case No. A-23-385, the district court issued a harassment protection order against Duarte and in favor of Rachel W. These two cases have been consolidated on appeal.

On appeal, Duarte claims that although he requested a show cause hearing in each case, he was not provided the opportunity to present evidence on his own behalf or to contest the

petitioners' allegations in their affidavits for a protection order. For the reasons set forth herein, we find that the district court committed plain error in the manner it conducted the show cause hearing on the protection orders. As such, we reverse and vacate the entry of the protection orders and remand the cause for further proceedings.

BACKGROUND

PETITION AND EX PARTE ORDER IN CASE NO. A-23-384

On March 23, 2023, Alisha, for herself and on behalf of her two children, filed a "Petition and Affidavit to Obtain Domestic Abuse Protection Order" against Duarte pursuant to Neb. Rev. Stat. § 42-924 (Cum. Supp. 2022). In the petition and affidavit, Alisha indicated that she had previously dated Duarte and that she had experienced several concerning incidents involving him. First, she alleged that Duarte had recently been found guilty of committing domestic assault against her. Alisha explained, "I do NOT feel safe because he is a dangerous person and I do not know the outcome because sentencing keeps getting pushed back." While Alisha did not provide any further details about the nature of the assault or when such assault had occurred, she did attach to the petition and affidavit a copy of a journal entry from the county court dated November 8, 2022. The journal entry indicates that Duarte had been adjudged guilty of third degree domestic assault. Alisha is listed as a witness for the State.

The next allegation in Alisha's petition and affidavit explained that in January (no year specified), Alisha approached her vehicle after leaving work and found that her front windshield and passenger side window had been shattered. Alisha believed that Duarte was responsible: "There is absolutely no reason why any other individual would punch my windshield out."

The last portion of Alisha's description of incidents between her and Duarte indicates that a previous protection order had been issued against Duarte and in favor of her, but that such protection order had expired on March 21, 2023, 2 days before she filed her current petition and affidavit. Alisha then stated, "This case has been going on for well over a year now. [Duarte] continues to think he is above the law and constantly appeals without taking any responsibility loosing [sic] the appeals and purposely delaying his sentence."

The district court issued an ex parte domestic abuse protection order against Duarte and in favor of Alisha and her two children. Duarte then filed a timely request for a hearing to contest the entry of the protection order. A hearing was set for April 20, 2023.

PETITION AND ORDER TO SHOW CAUSE IN CASE NO. A-23-385

On April 14, 2023, Rachel filed a "Petition and Affidavit to Obtain Harassment Protection Order" against Duarte pursuant to Neb. Rev. Stat. § 28-311.09 (Cum. Supp. 2022). In the petition and affidavit, Rachel explained that she is an acquaintance to Duarte. She alleged the grounds for entry of a harassment protection order as follows:

I'm currently still in an ongoing case against Alejandro Duarte. My current harassment [protection] order is due to expire April 15, 2023. Alejandro Duarte has been found guilty of continu[ally] harassing me which I have already provided all evidence to the court. Mr. Duarte has also now been found guilty of assaulting me, resulting in physical damage to my face. This case is still awaiting sentencing at this time. I do not trust Mr. Duarte nor do

- 2 -

I want him to be able to have any access to me at all. He is unpredictable, compulsive and I fear anything is possible.

Attached to the petition and affidavit is a journal entry from the county court which indicates that in addition to being found guilty of third degree domestic assault on November 8, 2022, Duarte was also found guilty of third degree assault. Rachel is listed as a witness for the State.

The district court issued an order to show cause, asking Duarte to appear and demonstrate why the harassment protection order should not be issued against him. The court scheduled the hearing for April 20, 2023, at the same time as the hearing on Alisha's petition and affidavit.

SHOW CAUSE HEARING

At the hearing on April 20, 2023, Duarte was brought into court by sheriff's deputies after having just been sentenced and taken into custody on his conviction for third degree domestic assault on Alisha and on his conviction for third degree assault on Rachel. The court was informed that Duarte still wished to contest the entry of the protection orders requested by Alisha and Rachel. Upon hearing this, the court indicated that Duarte was "SOL." The court went on to state: "Well, we're not doing that. You don't need to contest this. This is a waste of my time." After receiving further information about the crimes Duarte was convicted of, the court asked Duarte to state his name. The court then asked Duarte if he still wanted to contest the entry of the protection orders. Duarte responded, "Yes, I do." The court then stated, "You're denied. You've been found guilty." The court asked the deputies to take Duarte out of the courtroom.

After Duarte was removed from the courtroom, the court addressed Alisha and Rachel: "I just wanted to tell him he was denied. I mean, what the hell? He's been found guilty beyond a reasonable doubt. And this is not to that extent. So, you have a – violation."

After the hearing, the district court entered a domestic abuse protection order as to Alisha and her two children. Such order indicates that a hearing was held on the matter and that both Alisha and Duarte were present at the hearing. The order goes on to state:

> Evidence was adduced, and the court, being fully advised, finds that this court has jurisdiction of the parties and subject matter of this action, and that the petitioner(s) has/have shown that the respondent:
> - attempted to cause or intentionally and knowingly caused bodily injury with or without a dangerous instrument;
> - by means of a credible threat, placed the petitioner(s) in fear of bodily injury; or
> - engaged in sexual contact or sexual penetration without consent as defined Neb. Rev. Stat. § 28-318.

The protection order was to remain in effect for one year from March 23, 2023.

The district court also issued a harassment protection order against Duarte and in favor of Rachel. The order indicates that a hearing was held on the matter and that both Duarte and Rachel appeared at the hearing. It also states "Evidence was adduced, and the court, being fully advised, finds that this court has jurisdiction of the parties and subject matter of this action. THE COURT further finds that a harassment protection order pursuant to . . . § 28-311.09 should be issued." Duarte filed a notice of appeal as to both protection orders issued against him.

- 3 -

## ASSIGNMENTS OF ERROR

Duarte's brief in case No. A-23-384 and his brief in case No. A-23-385 do not conform to any of the briefing rules established by the Nebraska Supreme Court in Neb. Ct. R. App. P. § 2-109(D). In fact, Duarte's "briefs" more closely resemble letters to this court than the briefs prescribed by the Supreme Court's rules. In particular, Duarte's briefs do not include any delineated sections, including an assignment of error section or an argument section. Parties who wish to secure appellate review of their claims must abide by the rules of the Supreme Court. *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014). Any party who fails to properly identify and present its claim does so at its own peril. *Id*.

In such a situation, an appellate court may proceed as though Duarte has failed to file a brief or, alternatively, may examine the proceedings for plain error. See *id*. The decision to proceed on plain error is at the discretion of the appellate court. *Id*. We choose to review the lower court's proceedings for plain error.

## STANDARD OF REVIEW

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Steffy v. Steffy, supra*.

## ANALYSIS

Upon our plain error review, we are compelled to conclude that the district court violated Duarte's right to due process when it did not provide him with an adequate opportunity to respond to the claims asserted in Alisha's and Rachel's petitions and affidavits. While the concept of due process defies precise definition, it embodies and requires fundamental fairness. *D.W. v. A.G.*, 303 Neb. 42, 926 N.W.2d 651 (2019). Generally, procedural due process requires parties whose rights are to be affected by a proceeding to be given timely notice, which is reasonably calculated to inform the person concerning the subject and issues involved in the proceeding; a reasonable opportunity to refute or defend against a charge or accusation; a reasonable opportunity to confront and cross-examine adverse witnesses and present evidence on the charge or accusation; representation by counsel, when such representation is required by constitution or statute; and a hearing before an impartial decisionmaker. *Id*.

When it comes to protection orders, the Supreme Court has recognized that because the intrusion on the respondent's liberty interests is relatively limited, the procedural due process afforded in a protection order hearing is likewise somewhat limited. *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010). The Supreme Court has explained that due process in a protection order proceeding requires that a respondent be notified of the grounds upon which a protection order is sought and provided with an opportunity to respond to those grounds at the show cause hearing. *D.W. v. A.G., supra*. The Supreme Court explained, "This should come as no surprise. Notice and an opportunity to be heard are, after all, basic requirements of procedural due process." *Id*. at 50, 926 N.W.2d at 657. We note that in addition to a due process right to notice and an opportunity to be heard in a protection order proceeding, a respondent also has a statutory right to a show cause hearing. See, § 28-311.09; Neb. Rev. Stat. § 42-925 (Cum. Supp. 2022).

Here, Duarte appeared at the show cause hearing on April 20, 2023, and explicitly informed the court that he wished to contest the entry of the two protection orders. The district court denied Duarte his right to respond to the claims raised in the petitions and affidavits filed by Alisha and Rachel. It also denied him an opportunity to present evidence on his own behalf. Instead, the district court informed Duarte that because he had been convicted and sentenced for assaulting Alisha and Rachel, that the protection orders would be entered summarily. Other than the petitions and affidavits which are deemed to be admitted, the court did not receive any evidence from either Duarte or Alisha and Rachel, nor did the court provide an opportunity for anyone to present such evidence. Duarte was simply sent out of the courtroom.

While, the entry of the protection orders may have been inevitable, given Duarte's convictions for assault, the district court clearly denied Duarte his right to due process at the show cause hearing. Accordingly, we are compelled to find plain error in the district court's failure to permit Duarte to present evidence in opposition to the entry of the protection orders. We reverse and vacate the entry of the orders entered on April 20, 2023, and remand for a show cause hearing where Duarte is provided with the opportunity to be heard.

CONCLUSION

Upon our plain error review, we conclude that the district court denied Duarte his due process right to be heard at the show cause hearing. As such, we reverse and vacate the entry of the protection orders entered by the district court on April 20, 2023, against Duarte and in favor of Alisha and Rachel. Given our reversal, the ex parte domestic abuse protection order entered in favor of Alisha on March 23, 2023, is reinstated. We remand the cause to the district court for a show cause hearing as to both requests for protection orders. At this hearing, Duarte should be provided with an opportunity to respond to the claims made against him.

REVERSED AND VACATED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.